**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Khalid Hassan Tari, et al., | No. CV-24-03021-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Progressive Corporation, et al., | |
| Defendants. | |

The parties have filed a stipulation to amend the case caption, in which the parties state that "Progressive Corporation and Progressive Casualty Company were incorrectly named as defendants in this lawsuit, and that the proper defendant to this action is Progressive Direct Insurance Company." (Doc. 10.)

This request will be denied without prejudice. Had Plaintiffs named a single nonexistent "Progressive" defendant in the complaint and merely used the wrong verbiage to name that defendant, it might be possible to correct the error in the manner proposed in the stipulation. 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1321 (4th ed. 2020) (reasons that might justify amending a case caption include "an erroneous designation of the capacity in which a party is suing or being sued, or the identification of something that is not a legal entity"). But here, Plaintiffs named two different "Progressive" entities and the parties' stipulation doesn't specify whether one or both is a real entity (as opposed to a misnomer for the entity that everybody now agrees should be the correct defendant, "Progressive Direct Insurance

Company"). On this record, the Court will not amend the caption. *Paatalo v. First Am. Title Co. of Montana*, 2014 WL 858999, *2 (D. Mont. 2014) ("there is a difference between correcting a misnomer and changing a party") (internal quotation marks and citation omitted). At any rate, a caption change is generally unnecessary. *See, e.g., Hoffman v. Halden*, 268 F.2d 280, 303 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962) ("[T]he caption of an action is only the handle to identify it."); *Hoemke v. Macy's W. Stores LLC*, 2020 WL 5229194, *1 (D. Ariz. 2020) ("There is very little case law regarding the legal standard for amending a caption, and no federal or local rule governs caption amendments. In the absence of authority to the contrary, it appears that whether to amend a case caption is within the Court's discretion and should be based on factors such as promoting clarity and avoiding confusion. Obvious reasons for requiring that a caption be maintained consistently throughout the entirety of an action include organizational matters, ease of reference, and case cohesion for posterity. . . . For this reason, the Court does not generally grant motions to amend the caption of a case each time a defendant is dismissed (*e.g.,* after a defendant succeeds on a Rule 12(b) motion) during the course of litigation, as it would be confusing for the case name to continually change as the litigation unfolds.") (citations omitted); Wright & Miller § 1321 ("The caption is not determinative as to the identity of the parties to the action, the district court's personal jurisdiction over the defendant, or its subject matter jurisdiction over the claims.").

Rule 21 of the Federal Rules of Civil Procedure allows the Court to "add or drop a party" "at any time, on just terms," in response to a motion or stipulation or *sua sponte*. Because the parties agree that Progressive Direct Insurance Company is the only "proper defendant to this action," (Doc. 10), the Court will drop Progressive Corporation and Progressive Casualty Company and add Progressive Direct Insurance Company.

If Progressive Corporation and Progressive Casualty Company do not exist and never have existed, the parties may choose to renew their request for a caption change, if they so desire. Although the Court reiterates that such a change would have no legal

significance, the Court also recognizes that having the proper party named in the caption is viscerally satisfying, though legally inconsequential. At this early stage of the litigation, the interest in case cohesion is diminished and the change would not cause confusion. *Cf. Cirba Inc. v. VMware, Inc.*, 2022 WL 16527230, *3 (D. Del. 2022) (updating the caption at a "late juncture" in the case would not "promote clarity or efficiency"). However, if either Progressive Corporation or Progressive Casualty Company exists or existed at one time, the Court will not entertain a renewed request to amend the caption.

As a separate matter, the Notice of Removal fails to adequately establish that the Court has subject-matter jurisdiction. The Court has an independent obligation to ensure that it does. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The Notice of Removal adequately alleges that Plaintiffs are citizens of Arizona and New Mexico. (Doc. 1 ¶ 2.) As to its own citizenship, Defendant alleges that it is "a foreign corporation with it principal place of business in . . . Ohio." (*Id.*) This is inadequate. A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). Defendant must affirmatively allege its place of incorporation. *Star Ins. Co. v. West*, 2010 WL 3715155, *1 (D. Ariz. 2010) ("[T]he Notice of Removal fails to properly allege the citizenship of the plaintiffs in that it merely states that they 'are foreign corporations, with its/their principal place of business in

Michigan and Minnesota.' Such a jurisdictional allegation is insufficient as a matter of law since a corporation is a citizen both of the state by which it is incorporated and the state where it has its principal place of business, and a notice of removal must affirmatively allege both states."); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("The facts must be alleged from which it may be determined of which state, or states, the corporation is 'deemed' to be a citizen—i.e. the state in which it was incorporated and the state in which it has its principal place of business.").

Accordingly,

**IT IS ORDERED** that the parties' stipulation (Doc. 10) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 21, Progressive Corporation and Progressive Casualty Company are **dropped** and Progressive Direct Insurance Company is **added**. The Clerk of Court is directed to update the docket (but not to amend the case caption).

**IT IS FURTHER ORDERED** that Progressive Direct Insurance Company shall file an amended notice of removal properly stating a jurisdictional basis for this action within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that if Progressive Direct Insurance Company fails to file an amended notice of removal within 14 days, the Clerk of Court shall remand this action to state court without further notice.

Dated this 19th day of November, 2024.

Dominic W. Lanza
United States District Judge